FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

2015 AUG -3 AM 10: 32

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

| | |
|---|---|
| DIANA MEY, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | 2:15-cv-463-FtM-99MRM |
| ENTERPRISE FINANCIAL GROUP, INC., a Texas corporation, and NATIONAL REPAIR PROTECTION, LLC, a Florida limited liability company, | |
| Defendants. | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Diana Mey ("Ms. Mey") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants Enterprise Financial Group, Inc. ("EFG") and National Repair Protection, LLC ("National Repair") (collectively, "Defendants") to stop their practice of making unsolicited calls to the telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. Defendant EFG is a company that sells a variety of consumer-related products and services for automobile dealers and manufacturers, credit unions, banks, and retailers. EFG sells its products and services—such as after-market auto warranties—directly to consumers and also through third party call centers.

2. Defendant National Repair is one such call center that actively sells Defendant EFG's services (on its behalf).

3. Unfortunately for consumers, in an attempt to market and sell EFG's products and

services. Defendants repeatedly made (or directed to be made on their behalf) unsolicited promotional telephone calls to Plaintiff and the other members of the putative Class's telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4. By making the telephone calls at issue in the Complaint, Defendants caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance, as well as the invasion of privacy, that necessarily accompanies the receipt of unsolicited and harassing telephone calls and the monies paid to their telephone carriers for the receipt of such telephone calls.

5. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in their case. In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Diana Mey is a natural person and citizen of the State of West Virginia.

7. Defendant Enterprise Financial Group, Inc. is a corporation existing under the laws of the State of Texas with its principal place of business located at 122 West Carpenter Freeway, Irving, Texas 75039. Defendant EFG regularly conducts business throughout this District, the State of Florida, and the United States.

8. Defendant National Repair Protection, LLC is a limited liability company existing under the laws of the State of Florida with its principal place of business located at 2112 Deborah Dr., Punta Gorda Isle, FL 33950.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the action arises the TCPA. The Court has personal jurisdiction over Defendants because they conduct significant business transactions within the District, solicit consumer sales in this District.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants conduct significant business transactions in this District, solicit business in this District, and because a substantial part of the events giving rise to the action occurred in this District, inasmuch as Defendants made the unsolicited calls to Plaintiff and putative Class members' from this District. Venue is additionally property because Plaintiff resides in this District.

## TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12).

*The TCPA prohibits telemarketing calls to numbers listed*
*on the Do Not Call Registry, unless the caller*
*has the recipient's signed, written consent*

13. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

15. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

16. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

*The TCPA bans autodialer*
*calls to cell phones*

17. The TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

18. The TCPA categorically bans persons and entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned

to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

## COMMON FACTUAL ALLEGATIONS

19. Defendants EFG and National Repair work together to market and sell EFG's after-market auto warranties to consumers throughout the United States. Unfortunately for consumers, Defendants' primary method of marketing such auto warranties is by making unsolicited calls to their telephones.

20. The Defendants' business models work in concert: EFG is the party that provides certain products and services, including the after-market auto warranties described above and any customer service issues that are associated with that. National Repair, on the other hand, is the party that is tasked with marketing such products and services, and does so through telemarketing with the knowledge and consent of EFG.

21. When National Repair contacts a consumer, its representatives identify themselves and during then informs called parties that the "administrator" for the product is EFG.

22. Unfortunately for consumers, Defendants made (and continue to make) these telemarketing calls to consumers nationwide without prior express consent to do so.

## FACTS SPECIFIC TO PLAINTIFF MS. MEY

23. Since 2003, the Plaintiff registered her cellular telephone number, 304-XXX-XXXX, on the National Do Not Call Registry and has not removed it at any time since that date.

24. Despite this fact, on June 5, 2015, the Plaintiff received a telephone call to this number from the Defendant National Repair.

25. The Caller ID that displayed on this call was (707) 735-0030.

26. When the Plaintiff answered the call, there was a pause and no one was on the line. Eventually, there was a click and an individual who identified as "Catherine calling from Verification Services" appeared on the line. During the telemarketing call Ms. Mey was also informed that a computer made the call to her.

27. The facts in the preceding paragraph indicate the call was placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

28. During the solicitation pitch, Ms. Mey was informed that the "underwriter" for the product she is being offered was EFG, and was informed that EFG paid all claims on the policy that National Repair was attempting to sell.

29. Ms. Mey had received calls from the same Caller ID on May 29, 2015 and June 3 and June 12, 2015.

30. Plaintiff does not have a relationship with Defendants, has never provided her telephone number to Defendants, or requested that Defendants call her or offer her their services.

31. On the June 5, 2015 call, when Ms. Mey asked why she was being contacted despite the fact that her number was on the National Do Not Call List, she was told that she needed to re-subscribe to the National Do Not Call List after it expired.

32. That is not a requirement of membership on the National Do Not Call Registry.

33. Ultimately, Defendants were and are aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them.

## CLASS ALLEGATIONS

34. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and the classes defined as follows (the "Class"):

Class 1:

>All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) for whom Defendants had no record of consent to place calls promoting Defendants' products or services to him or her; (3) who received more than one telephone call promoting Defendants' products or services; (4) within a 12-month period at any time in the four years prior to the filing of the Complaint through the date of class certification.

Class 2:

>All individuals in the United States (1) EFG or National Repair called on a cellular telephone line (2) by the use of an automatic telephone dialing system, and (3) from whom Defendant does not have evidence of prior express written consent of the called party from October 16, 2013 through the date of certification.

Excluded from the Class are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person; and (5) Plaintiff's counsel and Defendants' counsel.

35. **Numerosity:** The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendants' records. In fact, Plaintiff's own geographic location to the Defendants makes this a near certainty.

36. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class

include, but are not necessarily limited to the following:

 (a) Whether Defendants' conduct constitutes a violation of the TCPA;

 (b) Whether Defendants systematically made telephone calls to members of the Class who did not previously provide Defendants with their prior express consent to receive such telephone calls;

 (c) Whether Defendants systematically made telephone calls to members of the Class whose telephone numbers were registered with the National Do Not Call Registry;

 (d) Whether Defendants' dialing system constitutes an "automatic telephone dialing system" under the TCPA; and

 (e) Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

37. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Class.

38. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein

apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have suffered similar harm and damages as a result of Defendants' unlawful and wrongful conduct.

39. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

<u>**FIRST CAUSE OF ACTION**</u>
**Violation of 47 U.S.C. § 227**

9

(On behalf of Plaintiff and the Class)

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. 47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. 47 C.F.R. § 64.1200 (e), provides that § 64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

44. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must

meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. Ther period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

45. Defendants violated § 64.1200 (c) by initiating telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested not to receive calls from Defendants, as set forth in § 64.1200 (d)(3).

46. Defendants and/or their agents made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendants.

47. Defendants violated § 64.1200 (d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

48. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call within a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

49. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
(On behalf of Plaintiff and the Class)

50. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

51. The TCPA categorically bans persons and entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned

to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

52. Defendants and/or their agents used an autodialer to contact the Plaintiff's ceullar telephone number, as explained above, in violation of 47 U.S.C. § 227.

53. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227, treble the amount of statutory damages recoverable by the members of the Class.

## THIRD CAUSE OF ACTION
### Injunctive relief to bar future TCPA violations
### (On behalf of Plaintiff and the Class)

54. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

56. The Plaintiff respectfully petitions this Court to order the Defendants, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Mey, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Ms. Mey as the representative of the Class, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

52. Defendants and/or their agents used an autodialer to contact the Plaintiff's ceullar telephone number, as explained above, in violation of 47 U.S.C. § 227.

53. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227, treble the amount of statutory damages recoverable by the members of the Class.

## THIRD CAUSE OF ACTION
### Injunctive relief to bar future TCPA violations
### (On behalf of Plaintiff and the Class)

54. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

56. The Plaintiff respectfully petitions this Court to order the Defendants, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Mey, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Ms. Mey as the representative of the Class, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

DIANA MEY, individually and on behalf of Class of similarly situated individuals,

Dated: July 30, 2015

/s/ Scott D. Owens
Scott D. Owens
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
scott@scottdowens.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*