IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DIANA MEY, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>ENTERPRISE FINANCIAL GROUP, INC., a Texas Corporation, NATIONAL REPAIR PROTECTION, LLC, a Florida limited liability company, and TODD BEIKMANN, an individual.<br><br>                Defendants. | Civil Action No.: 15-cv-00463-UA-MRM |

## CASE MANAGEMENT REPORT

1.    <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on August 16, 2016 by telephone and was attended by:

**For Plaintiff:**

Edward A. Broderick
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110

**For Defendant Enterprise Financial Group, Inc.:**

Beth-Ann Krimsky
Lawren A. Zann
Greenspoon Marder, P.A.
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301

## Preliminary Statement

The parties disagree about how to manage this case and schedule its progress. Their differing perspectives are summarized here.

**Plaintiff's Statement:**

For these reasons, Plaintiff proposes that the most efficient approach to discovery in this matter is complete both class certification and merits related discovery immediately for a period of no longer than seven (7) months, and in accordance with the following schedule of discovery and general case deadlines. Plaintiff disagrees with Defendant's position that it has failed to timely move for class certification as not all defendants have appeared, and the non-appearing defendant possesses call records necessary to identify the class. Accordingly, good cause exists to permit Plaintiff to move for class certification on the schedule set forth below:

| Deadline | Proposed Date |
|---|---|
| Plaintiff's Deadline to make disclosures pursuant to Fed. R. Civ.P. 26(a)(2) related to class certification and merits. | December 15, 2016 |
| Defendants' Deadline to depose Plaintiff's experts related to class certification and merits and to disclose rebuttal witnesses. | February 13, 2017 |
| Plaintiff's deadline to depose Defendants' rebuttal witnesses related to class certification. | March 13, 2017 |
| Plaintiff's deadline to file motion for class certification. | April 3, 2017 |
| Close of discovery | March 13, 2017 |
| Deadline to file dispositive motions. | May 1, 2017 |
| Final pretrial conference. | Ninety (90) days following the close of discovery. |

**Defendant's Statement:**

Defendant contends Plaintiff failed to adhere to the deadline to file her Motion for Class Certification pursuant to the Court's Order dated November 6, 2015 [D.E. 23], and thus the Court imposed deadline for Plaintiff to seek to certify a class has expired. Accordingly, Defendant contends class-certification discovery is moot and not relevant to the remaining issues in this litigation. Notwithstanding the foregoing, should the Court permit class-certification discovery to proceed, Defendant proposes that both class and merit related discovery proceed for a period of approximately seven (7) months in accordance with the following schedule of discovery and general case deadlines:

| Deadline | Proposed Date |
|---|---|
| Plaintiff's Deadline to make disclosures pursuant to Fed. R. Civ.P. 26(a)(2) related to class certification | December 15, 2016 |

| | |
|---|---|
| and merits. | |
| Defendants' Deadline to depose Plaintiff's experts related to class certification and merits, and to disclose rebuttal witnesses. | February 13, 2017 |
| Plaintiff's deadline to depose Defendants' rebuttal witnesses related to class certification and merits. | March 13, 2017 |
| Plaintiff's deadline to file motion for class certification. | Thirty (30) days following the Court's entry of a scheduling order. Defendant's brief in response thereto shall be filed fourteen (14) days following the close of discovery (i.e. March 27, 2017). |
| Close of discovery | March 13, 2017 |
| Deadline to file dispositive motions. | May 8, 2017 |
| Final pretrial conference. | Ninety (90) days following the Court's entry of an order on the Parties' respective dispositive motions, if any, or Plaintiff's Motion for Class Certification, whichever order is issued latest in time. |

2. <u>Initial Disclosures:</u>

   a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)

   The parties (check one)

   \_\_\_X\_\_ have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).

3. Discovery Plan

   a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

   1. <u>Requests for Admissions</u>:

      **Plaintiff:** Plaintiff proposes that discovery related to both class certification and merits continue immediately, and remain open for a period of no longer than six (6) months. During that time, Plaintiff intends to serve upon Defendants written discovery requests—including requests for admission—related to the following non-exhaustive list of topics: (i) Defendants' relationship with the co-defendants and any related entity, that engaged in outbound telemarketing or hired vendors to do the same (ii) the calling activities of the Defendants, as well as those third parties and their vendors, (iii) the number of putative class members, (iv) the Defendants' policy and procedures for complying with the TCPA, (v) any knowledge the Defendants had of the co-defendants and any related entity, engaging in outbound telemarketing; (vi) and the affirmative defenses lodged by the Defendant.

   2. <u>Written Interrogatories</u>

      **Plaintiff:** Plaintiff proposes that discovery related to both class certification and merits continue immediately, and remain open for a period of no longer than six (6) months. During that time, Plaintiff intends to serve upon Defendants written discovery requests—including written interrogatories—related to the following non-exhaustive list of topics: (i) Defendants' relationship with the co-defendants and any related entity, that engaged in outbound telemarketing or hired vendors to do the same (ii) the calling activities of the Defendants, as well as those third parties and their vendors, (iii) the number of putative class members, (iv) the Defendants' policy and procedures for complying with the TCPA, (v) any knowledge the Defendants had of the co-defendants and any related entity, engaging in outbound telemarketing; (vi) and the affirmative defenses lodged by the Defendant.

   3. <u>Requests for Production or Inspection</u>

      **Plaintiff:** Plaintiff proposes that discovery related to both class certification and merits continue immediately, and remain open for a period of no longer than six (6) months. During that time, Plaintiff intends to serve upon Defendants written discovery requests—including requests for production—related to the following non-exhaustive list of topics: (i) Defendants' relationship with the co-defendants and any related entity, that engaged in

outbound telemarketing or hired vendors to do the same (ii) the calling activities of the Defendants, as well as those third parties and their vendors, (iii) the number of putative class members, (iv) the Defendants' policy and procedures for complying with the TCPA, (v) any knowledge the Defendants had of the co-defendants and any related entity, engaging in outbound telemarketing; (vi) and the affirmative defenses lodged by the Defendant.

   4. <u>Oral Depositions</u>

      **Plaintiff:** Plaintiff proposes that discovery related to both class certification and merits continue immediately, and remain open for a period of no longer than six (6) months. During that time, Plaintiff intends to serve upon Defendants written discovery requests—including oral depositions—related to the following non-exhaustive list of topics: (i) Defendants' relationship with the co-defendants and any related entity, that engaged in outbound telemarketing or hired vendors to do the same (ii) the calling activities of the Defendants, as well as those third parties and their vendors, (iii) the number of putative class members, (iv) the Defendants' policy and procedures for complying with the TCPA, (v) any knowledge the Defendants had of the co-defendants and any related entity, engaging in outbound telemarketing; (vi) and the affirmative defenses lodged by the Defendant.

b. Defendant's Planned Discovery: A non-exclusive description of the anticipated discovery Defendant plans to pursue is described below. The description of such anticipated discovery will be listed under the appropriate heading below, and will include the subject matter of the discovery and the time during which the discovery will be pursued:

   1. <u>Requests for Admissions</u>

      Defendant: Defendant contends Plaintiff failed to adhere to the deadline to file her Motion for Class Certification pursuant to the Court's Order dated November 6, 2015 [D.E. 23], and thus the Court imposed deadline for Plaintiff to seek to certify a class has expired. Accordingly, Defendant contends class-certification discovery is moot and not relevant to the remaining issues in this litigation. Notwithstanding the foregoing, should the Court permit class-certification discovery to proceed, Defendant intends to serve upon Plaintiff, co-defendants National Repair Protection, LLC ("NRP") and Todd Beikmann ("Beikmann") written discovery requests – including requests for admission – related to the following non-exhaustive list of topics: (i) Plaintiff's relationships and communications with the co-defendants and other third-parties concerning, *inter alia*, Plaintiff's consent to receive the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (ii) Plaintiff's ownership and/or use of the telephone number alleged to have received the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (iii) Plaintiff's inclusion on any do-not-call list; (iv)

Plaintiff's alleged injuries resulting from the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (v) the requirements of Federal Rule of Civil Procedure 23; (vi) any affirmative defenses asserted by any party to this action; and (vii) the allegations asserted by Plaintiff in the First Amended Complaint [D.E. 37].

2. <u>Written Interrogatories</u>

   Defendant: Defendant contends Plaintiff failed to adhere to the deadline to file her Motion for Class Certification pursuant to the Court's Order dated November 6, 2015 [D.E. 23], and thus the Court imposed deadline for Plaintiff to seek to certify a class has expired. Accordingly, Defendant contends class-certification discovery is moot and not relevant to the remaining issues in this litigation. Notwithstanding the foregoing, should the Court permit class-certification discovery to proceed, Defendant intends to serve upon Plaintiff, co-defendants National Repair Protection, LLC ("NRP") and Todd Beikmann ("Beikmann") written discovery requests – including interrogatories – related to the following non-exhaustive list of topics: (i) Plaintiff's relationships and communications with the co-defendants and other third-parties concerning, *inter alia*, Plaintiff's consent to receive the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (ii) Plaintiff's ownership and/or use of the telephone number alleged to have received the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (iii) Plaintiff's inclusion on any do-not-call list; (iv) Plaintiff's alleged injuries resulting from the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (v) the requirements of Federal Rule of Civil Procedure 23; (vi) any affirmative defenses asserted by any party to this action; and (vii) the allegations asserted by Plaintiff in the First Amended Complaint [D.E. 37].

3. <u>Requests for Production or Inspection</u>

   Defendant: Defendant contends Plaintiff failed to adhere to the deadline to file her Motion for Class Certification pursuant to the Court's Order dated November 6, 2015 [D.E. 23], and thus the Court imposed deadline for Plaintiff to seek to certify a class has expired. Accordingly, Defendant contends class-certification discovery is moot and not relevant to the remaining issues in this litigation. Notwithstanding the foregoing, should the Court permit class-certification discovery to proceed, Defendant intends to serve upon Plaintiff, co-defendants National Repair Protection, LLC ("NRP") and Todd Beikmann ("Beikmann") written discovery requests – including requests for production or inspection – related to the following non-exhaustive list of topics: (i) Plaintiff's relationships and communications with the co-defendants and other third-parties concerning, *inter alia*, Plaintiff's consent to receive the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (ii) Plaintiff's ownership and/or use of the telephone number alleged to have received the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (iii) Plaintiff's inclusion on any do-not-call

list; (iv) Plaintiff's alleged injuries resulting from the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (v) the requirements of Federal Rule of Civil Procedure 23; (vi) any affirmative defenses asserted by any party to this action; and (vii) the allegations asserted by Plaintiff in the First Amended Complaint [D.E. 37].

4. Oral Depositions

Defendant: Defendant contends Plaintiff failed to adhere to the deadline to file her Motion for Class Certification pursuant to the Court's Order dated November 6, 2015 [D.E. 23], and thus the Court imposed deadline for Plaintiff to seek to certify a class has expired. Accordingly, Defendant contends class-certification discovery is moot and not relevant to the remaining issues in this litigation. Notwithstanding the foregoing, should the Court permit class-certification discovery to proceed, Defendant intends to depose Plaintiff, co-defendants National Repair Protection, LLC ("NRP") and Todd Beikmann ("Beikmann") and other third-parties related to the following non-exhaustive list of topics: (i) Plaintiff's relationships and communications with the co-defendants and other third-parties concerning, *inter alia*, Plaintiff's consent to receive the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (ii) Plaintiff's ownership and/or use of the telephone number alleged to have received the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (iii) Plaintiff's inclusion on any do-not-call list; (iv) Plaintiff's alleged injuries resulting from the purported telephone calls at issue in the First Amended Complaint [D.E. 37]; (v) the requirements of Federal Rule of Civil Procedure 23; (vi) any affirmative defenses asserted by any party to this action; and (vii) the allegations asserted by Plaintiff in the First Amended Complaint [D.E. 37].

c. Disclosure of Expert Testimony:

**Plaintiff:** Plaintiff proposes that she be required to make all disclosures contemplated by Fed. R. Civ. P. 26(a)(2) related to class certification and merits no later than December 15, 2016. Thereafter, any) of Plaintiff's expert witness(es) related to class certification and to disclose rebuttal witnesses (if any). Plaintiff shall then have no more than thirty (30) days to take the depositions (if any) of Defendants' rebuttal witness(es).

**Defendant:** Defendant contends Plaintiff failed to adhere to the deadline to file her Motion for Class Certification pursuant to the Court's Order dated November 6, 2015 [D.E. 23], and thus the Court imposed deadline for Plaintiff to seek to certify a class has expired. Accordingly, Defendant contends class-certification discovery is moot and not relevant to the remaining issues in this litigation. Notwithstanding the foregoing, should the Court permit class-certification discovery to proceed, Defendant proposes that it be required to make all disclosures contemplated by Fed. R. Civ. P. 26(a)(2)

related to class certification and merits no later than February 13, 2017. Thereafter, Plaintiff shall depose such witnesses no later than March 13, 2017.

    d.    <u>Supplementation of Disclosures and Responses</u>: The parties have agreed that Plaintiff will be required to supplement all disclosures and responses to written discovery requests in accordance with the timing requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Middle District of Florida.

    e.    <u>Completion of Discovery</u>

    **Plaintiff:** Plaintiff proposes that all discovery in this matter be completed by March 13, 2017.

    **Defendant:** Defendant proposes that all discovery in this matter be completed by March 13, 2017.

    1.    <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.,* handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

a. With regard to the discovery of electronically stored information ("ESI"), the parties have agreed to further discuss: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced by the parties; (3) the formats for preservation and production of ESI; (4) the potential for conducting discovery in phases or stages as a method for reducing costs and burden; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and, (6) any other relevant ESI issues involved in this case. The parties will attempt to craft an appropriate stipulation governing the production of ESI for the Court's approval.

b. The parties have agreed that no modifications to the limitations on discovery imposed by the Federal Rules of Civil Procedure are necessary at this time.

c. The parties have agreed to a protective order approved by the Court that sets requirements related to, *inter alia*, the production of confidential or trade secret information and the inadvertent disclosure of privileged documents or information.

    2.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: **None other than competing proposed schedules.**

    3.    <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: The parties agree that a deadline for this event is not needed as there are no additional parties to be added.

    4.    <u>Settlement and Alternative Dispute Resolution:</u> Pursuant to Local Rule

3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

   a. Parties agree that settlement is unlikely at this time. The Parties agree to report to the Court of any prospective settlement, or to apply for an order invoking mediation by March 13, 2017.

   b. The Parties do not agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).

5. <u>Consent to Magistrate Judge Jurisdiction:</u> The parties do not agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.

6. <u>Preliminary Pretrial Conference:</u> Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases. This is a track three case, so the parties will appear for a preliminary pretrial conference at a date and time later set by the Court.

7. <u>Final Pretrial Conference and Trial</u>

   The parties will be ready for a final pretrial conference no later than ninety (90) following the close of discovery and for trial no later than thirty (30) days thereafter. Plaintiff expects this Jury trial to take approximately four days if this case is certified as a class action, or two days if it is not.

8. <u>Pretrial Disclosure and Final Pretrial Procedures</u>: The parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

9. <u>Other Matters</u>: The parties are unaware of any other matters that need be addressed by the Court at this time.

Respectfully Submitted,

**DIANA MEY**, individually and on behalf of Class of similarly situated individuals,

Dated: August 16, 2016

*/s/ Scott D. Owens*
Scott D. Owens
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
scott@scottdowens.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
*Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Pro Hac Vice*

Respectfully submitted,
**GREENSPOON MARDER P.A.**
*/s/ Lawren A. Zann*
Beth-Ann E. Krimsky
Florida Bar No. 968412
beth-ann.krimsky@gmlaw.com
Lawren A. Zann
Florida Bar No. 42997
lawren.zann@gmlaw.com
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 527-2427
Fax: (954) 333-4027

**SHIELDS LEGAL GROUP**
James D. Shields (*pro hac vice*)
Texas Bar No. 18260400
jshields@shieldslegal.com
Bart F. Higgins (*pro hac vice*)
Texas Bar No. 24058303
bhiggins@shieldslegal.com
16301 Quorum Dr., Suite 250B
Addison, TX 75001
Tel: (972) 788-2040
Fax: (972) 788-4332
*Attorneys for Defendant Enterprise Financial Group*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing by filing this document in the Court's ECF CM/ECF system, which will transmit the same to the parties below, on this the 16th day of August, 2016.

                                                  */s/Scott D. Owens*
                                                  Scott D. Owens