UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

DIANA MEY, individually and on behalf of all others
similarly situated,

                    Plaintiff,

v.                                            Case No. 15-cv-00463-UA-MRM FtM-29

ENTERPRISE FINANCIAL GROUP, INC., a
Texas Corporation, NATIONAL REPAIR
PROTECTION, LLC, a Florida limited liability
company, and TODD BEIKMANN, an
individual,
                    Defendant(s).
_____

CASE MANAGEMENT REPORT

Plaintiff Diana Mey ("Mey" or "Plaintiff") and Defendant Enterprise Financial Group,

Inc. ("EFG" or "Defendant," and collectively, the "Parties") agree on the following dates and

discovery plan pursuant to Fed. R. Civ. P. 26(f) and M.D. Fla. R. 3.05(c). Defendant National

Repair Protection LLC ("NRP") and Defendant Todd Beikmann ("Beikmann")—who was added

as a named-party Defendant on August 3, 2016 (Dkt. 37) and served on August 19, 2016 (Dkt.

48)—have not yet appeared. As such, the positions of NRP and Beikmann are not reflected in

this Case Management Report.

As explained in further detail in Section II below, the Parties disagree about whether this

case should proceed as a class action. However, if the case is to proceed as a class action, the

Parties agree on the briefing schedule as to class certification set forth below, and have agreed on

all dates as to non-class issues as well.

1

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)** [Court recommends 30 days after CMR meeting] | Complete (as between Plaintiff and EFG) 10/20/16 (as to Def. Beikmann) |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | Complete (as to Plaintiff and EFG) |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | 11/21/16 |
| **Disclosure of Expert Reports** [Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | Plaintiff: 1/16/17 (if permitted based on Plaintiff's Position in Section II) Defendant: 2/17/17 (if permitted based on Plaintiff's position as stated in Section II) |
| | |
| **Deadline to Depose Class Certification Experts** | Plaintiff's Proposal (if permitted based on Plaintiff's Position in Section II): 3/16/17 |
| **Plaintiff's Deadline to Move for Class Certification** | (If permitted based on Plaintiff's Position in Section II): 4/17/17 |
| **Discovery Deadline** [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | 3/17/17 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions** [Court requires 4 months or more before trial term | 5/1/17 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| begins] | |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[14 days before Joint Final Pretrial Statement] | 8/7/17 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | 8/21/17 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | 8/21/17 |
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | 9/11/171 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | 10/2/17 |
| **Estimated Length of Trial** | 3-5 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**<br>[Absent arbitration, mediation is *mandatory*; Court | Deadline: 3/27/2017 |

---

1  The Parties note that their proposed trial deadlines assume, if the action is permitted to proceed as a class action, a ruling on class certification has been entered and notice has been distributed to the class.   Issuance of Notice with an opportunity for class members to opt out is a due process requirement before a class trial can be held.   In the event a ruling has not yet issued as trial approaches, the Parties agree they will confer and propose a revised trial schedule to the Court.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | The parties believe it is premature to decide on a mediator at this time. |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____<br>No___X___<br><br>Likely to Agree in Future _____ |

## I.      Meeting of Parties in Person

On September 9, 2016, the Parties filed an Agreed Motion for Leave to Appear Telephonically at the Parties' Case Management Conference (Dkt. 50.) On that same day, and while awaiting a ruling on that motion, the Parties—through their counsel—met and conferred telephonically in order to prepare this Case Management Report. Such telephonic conference was held by:

**Name**                                         **Counsel for (if applicable)**

Stewart Pollock_____          Plaintiff_____ _

Lawren A. Zann_____          Defendant EFG_____

On September 12, 2016, an additional telephonic conference was held by:

**Name**                                         **Counsel for (if applicable)**

Edward A. Broderick_____          Plaintiff_____ _

Lawren A. Zann_____          Defendant EFG_____

Additionally, between September 6, 2016 and September 12, 2016, the Parties exchanged multiple emails in preparation for the filing of this Report.

## II.   Preliminary Pretrial Conference

Local Rule 3.05(c)(30(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases**:   The Parties   __X__ **request** ___   **do not request** a Preliminary Pretrial Conference before entry of a Case Management and Scheduling Order in this Track Two case. The Preliminary Pretrial Conference has been scheduled for September 20, 2016 at 11:00 AM. Unresolved issues to be addressed at such a conference include:

**Plaintiff's Position**

On August 25, 2016, The Honorable John E. Steele entered an order striking the Parties' August 16, 2016 Case Management Report and ordering the Parties to submit an Amended Case Management Report, as well as to attend a preliminary pretrial conference before The Honorable Magistrate Judge Mac R. McCoy on September 20, 2016 (the "Order"). (Dkt. 45.) The Order further indicated that "the [P]arties are [ ] under the mistaken belief that th[is] case is a Track Three [rather than Track Two] case[,]" and therefore that the Parties' original Case Management Report improperly included "non-standard deadlines for class certification motion practice." (*Id.*) In support of that finding, Judge Steele noted that, although a First Amended Class Action Complaint had been filed, "no motion for class certification has been filed and no class has been certified." (*Id.*)  Notwithstanding, Judge Steel's Order, Plaintiff respectfully submits that this case should be designated as Track Three case.

Plaintiff filed her original complaint, on behalf of herself and a putative class, on August 3, 2015. (Dkt. 1.) The next day, Plaintiff filed a motion to certify the class pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), which asked the Court to "enter and continue [her] motion until the completion of discovery on classwide issues pursuant to Local Rule 4.04(c), at

which time Plaintiff will submit a fulsome memorandum of points and authorities in support of class certification." (Dkt. 3.) On November 6, 2015, the Court entered an Order mooting Plaintiff's class certification motion, but stating that it would "grant [P]laintiff an extension of time to conduct class-wide discovery and file a renewed Motion for Class Certification." (Dkt. 23 at 2.) The Court further noted that "Plaintiff shall have **THIRTY (30) Days** after the last filed Answer to file a renewed Motion for Class Certification." (*Id.* at 2-3 (emphasis in the original).)

As noted above, after obtaining leave of the Court, Plaintiff filed her First Amended Class Action (the "FAC"), on behalf of herself and a putative class, on August 3, 2016 for the purpose of adding Todd Beikmann as a named-party Defendant. (Dkt. 37.) In accordance with the Court's previous Order, Plaintiff intends to file a renewed Motion for Class Certification once all Defendants have appeared and answered. Nevertheless, Plaintiff has not done so as Mr. Beikmann has not yet appeared or filed his answer.

Based on the foregoing, Plaintiff believes this case is appropriate for resolution on a class-wide basis and that the case management procedures for Track Three cases are appropriate here. To the extent it is necessary, Plaintiff is prepared to immediately file a renewed Motion for Class Certification in order for this case to be designated as Track Three case.

**Defendant's Position**

EFG contends Plaintiff failed to adhere to the deadline to file her Motion for Class Certification pursuant to the Court's Order dated November 6, 2015 [D.E. 23], and thus the Court imposed deadline for Plaintiff to seek to certify a class has expired. Specifically, on November 6, 2015, the Court granted Plaintiff an extension to file a Motion for Class

Certification of thirty (30) days after the last filed Answer. [D.E. 23]. EFG filed its Answer to Plaintiff's Complaint on September 8, 2015 [D.E. 21], and an Amended Answer on September 28, 2015 [D.E. 22]. Over one (1) year ago, on August 13, 2015, Plaintiff filed an Affidavit of Service indicating service of the Summons and Complaint in this action was effectuated upon NRP's registered agent on August 3, 2015. [D.E. 8-2]. Nonetheless, NRP did not file a response to Plaintiff's Complaint,[2] and Plaintiff strategically did not and has not sought to default NRP; the reason being apparent – a default of NRP would preclude an answer being filed on behalf of NRP, which in turn would deprive Plaintiff of the ability to argue that the 30 day time period provided for in the Court's November 6, 2015, Order [D.E. 21] has not commenced.

In essence, Plaintiff consciously chose not to default Plaintiff or prosecute her claims against Plaintiff so that she would not have to file a Motion for Class Certification as required by the Court and its Local Rules. Rather, on August 3, 2016 – exactly one (1) year to the day after NRP was served in this action – Plaintiff filed her First Amended Complaint ("FAC") adding Beikmann to this action. Plaintiff now seeks to argue that because Beikmann has not answered the FAC, the thirty day period contemplated in the Court's Order dated November 6, 2015 [D.E. 23] – an Order entered at a time when Beikmann was neither a party to the action nor even referenced in the Complaint [D.E. 1] – has not commenced. Such a tortured reading of the Court's Order dated November 6, 2015, cannot possibly reflect the Court's intent and should not excuse Plaintiff's indolence. Accordingly, EFG contends class-discovery is moot and not relevant to the remaining issues in this litigation, and this case should proceed as a Track Two case. **III.      Pre-Discovery Initial Disclosures of Core Information**

**Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures**

---

[2] It should also be noted that NRP has not filed a response to Plaintiff's Amended Complaint.

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

Plaintiff and Defendant EFG   **X   exchanged** ____ **agree to exchange** information

described in Fed. R. Civ. P. 26(a)(1)(C) - (D) on November 13, 2015, and November 30, 2015.

Defendant Todd Beikmann has not yet appeared. Upon his appearance, Plaintiff proposes that

Defendant Beikmann provide his disclosures by no later than October 20, 2016. The Parties will

provide Mr. Beikmann with their initial disclosures, updated as appropriate to include any

subsequently discovered information.

## IV.     Agreed Discovery Plan for Plaintiffs and Defendants

### A.     Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.   No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper—including emergency motion—is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.   Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:  **X_ Yes ___No**

### B.     Discovery Not Filed

The Parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests electronically. <u>See</u> M.D. Fla. R. 3.03 (e). The Parties further agree as follows:

<u>The Parties have conferred about discovery, and specifically the fact that they are not to</u>

<u>file discovery materials with the Clerk except as provided in Local Rule 3.03. The Parties have</u>

<u>not reached any further agreements on this issue at this time.</u>

8

### C.      Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A). Absent leave of Court, the Parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R .Civ. P. 33(a). The Parties may agree by stipulation on other limits on discovery. The Court will consider the Parties agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ .P. 29. In addition to the deadlines in the above table, the Parties have agreed to further limit discovery as follows:

1.      Depositions: <u>10 depositions per side</u>

2.      Interrogatories: <u>25 interrogatories per side</u>

3.      Document Requests: <u>No limitation</u>

4.      Requests to Admit: <u>No limitation</u>

5.      Supplementation of Discovery: <u>The Parties have agreed that they will supplement all disclosures and responses to written discovery requests in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Middle District of Florida.</u>

### D.      Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the Parties agree as follows:

<u>The Parties have already commenced written discovery in this action. The Parties have not reached any additional agreement as to discovery deadlines at this time. The Parties agree to confer about any additional matters pertaining to discovery deadlines should it be necessary.</u>

### E.      Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

The Parties have not reached any additional agreement for the disclosure of expert testimony. The Parties agree to confer about any additional matters pertaining to the disclosure of expert testimony should it be necessary.

### F.    Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. (See M.D. Fla. R. 1.09). The motion, whether granted or denied, will remain in the public record.

The Parties may reach their own agreement regarding the designation of materials as Aconfidential. There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See M.D. Fla. R. 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the Parties agree as follows:

The Parties have agreed to a protective order approved by the Court [D.E. 27] that sets requirements related to, _inter alia_, the production of confidential or trade secret information and the inadvertent disclosure of privileged documents or information.

### G.    Electronically Stored Information and Claims of Privilege

Pursuant to Fed. R. Civ. P. 16, the Parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

The Parties have initially conferred and agreed to further discuss: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced by the Parties; (3) the formats for preservation and production of ESI; (4) the potential for conducting discovery in phases or stages as a method for reducing costs and burden; (5) the

procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and, (6) any other relevant ESI issues involved in this case. The Parties will attempt to craft an appropriate stipulation governing the production of ESI for the Court's approval.

### H.   Other Matters Regarding Discovery

**Plaintiff's Position**

Plaintiff proposes that the most efficient approach to discovery in this matter is to complete both class and merits related discovery concurrently. Plaintiff disagrees with Defendant's position that it has failed to timely move for class certification as Mr. Beikmann has not yet appeared, and because he likely possesses call records necessary to identify the class and other information directly relevant to class certification.

Plaintiff proposes that discovery related to both class certification and merits remain open for a period of no longer than seven (7) months. During that time, Plaintiff intends to seek information related to the following non-exhaustive list of topics (i) EFG's relationship with the co-defendants and any related entity that engaged in outbound telemarketing or hired vendors to do the same, (ii) the calling activities of the Defendants, as well as those third parties and their vendors, (iii) the number of putative class members, (iv) Defendants' policy and procedures for complying with the TCPA, (v) any knowledge the Defendants had of the co- defendants and any related entity, engaging in outbound telemarketing, (vi) all the affirmative defenses lodged by the Defendants.

Defendant contends the Court has already determined discovery related to third-party entities that purportedly engaged in outbound telemarketing or hired vendors to do the same is overbroad and not relevant to this action. *See* Order Denying Plaintiff's Motion to Compel [D.E.

35]. Accordingly, to the extent Plaintiff seeks discovery related to such third-parties, EFG contends such discovery is overbroad and not relevant to this action.

**V.      Settlement and Alternative Dispute Resolution**

     **A.      Settlement**

The Parties agree that settlement is: _____ **likely** __X__ **unlikely** (check one) at this time. The Parties agree to inform the Court of any prospective settlement, or to apply for an order invoking mediation by March 13, 2017.

The Parties request a settlement conference before a United States Magistrate Judge.

_____ **yes** _____ **no** __X__ **likely to request in future**

     **B.      Arbitration**

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically.   Does this case fall within the scope of Local Rule 8.02(a)?

_____ **yes** __X__ **no**

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

_____ **yes** __X__ **no** _____ **likely to request in future**

_____ **Binding** _____**Non-Binding**

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The Parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

_____ **yes** __X__ **no** _____ **likely to agree in future**

     **C.      Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.   The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

The Parties are agreeable to discussing the potential for mediation in the future. However, Plaintiff Mey and Defendant EFG believe it is premature to select a mediator or schedule mediation at this time as Defendant Beikmann has not yet appeared.

**D.      Other Alternative Dispute Resolution**

The Parties intend to pursue the following other methods of alternative dispute resolution:

The Parties' preference is to participate in private mediation as they believe that the case is more likely to resolve with a third-party neutral that the Parties have voluntarily selected.

Date:    September 12, 2016

Signatures of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

Respectfully Submitted,

**DIANA MEY**, individually and on behalf of Class of similarly situated individuals,

Dated: September 12, 2016

*/s/ Stewart R. Pollock*

Scott D. Owens
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
scott@scottdowens.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
99 High St., Suite 304
Boston, MA   02110
(508) 221-1510
anthony@broderick-law.com
*Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760

(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Pro Hac Vice*

Respectfully submitted,
**GREENSPOON MARDER P.A.**


*/s/ Lawren A. Zann (with permission)*

Beth-Ann E. Krimsky
Florida Bar No. 968412
beth-ann.krimsky@gmlaw.com
Lawren A. Zann
Florida Bar No. 42997
lawren.zann@gmlaw.com
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 527-2427
Fax: (954) 333-4027

**SHIELDS LEGAL GROUP**
James D. Shields (*pro hac vice*)
Texas Bar No. 18260400
jshields@shieldslegal.com
Bart F. Higgins (*pro hac vice*)
Texas Bar No. 24058303
bhiggins@shieldslegal.com
16301 Quorum Dr., Suite 250B
Addison, TX 75001
Tel: (972) 788-2040
Fax: (972) 788-4332
*Attorneys for Defendant Enterprise*
*Financial Group*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing by filing this document in the Court's ECF CM/ECF system, which will transmit the same to the parties below, on this the 12th day of September, 2016.

<u>/s/Stewart R. Pollock</u>
Stewart R. Pollock