UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANA MEY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.   Case No: 2:15-cv-463-FtM-99MRM

ENTERPRISE FINANCIAL GROUP, INC., a Texas corporation, NATIONAL REPAIR PROTECTION, LLC, a Florida limited liability company, and TODD BEIKMANN,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Defendant Todd Beikmann's (defendant or Beikmann) Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction (Doc. #52), filed on September 12, 2016. Plaintiff submitted his affidavit attached to the motion (Doc. #52-1). After a period of jurisdictional discovery during which Beikmann was deposed, plaintiff filed a response (Doc. #77), attaching the deposition transcript. Beikmann filed a reply (Doc. #80). For the reasons set forth below, the motion is granted.

**I.**

On August 3, 2016, plaintiff Diana Mey (plaintiff or Mey), a citizen of West Virginia, filed a three-count amended class-action complaint for relief (Doc. #37), alleging that defendants violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by placing unsolicited, promotional telemarketing calls to plaintiff's (and others) cellular and residential phones even though the individuals were registered with the national Do-Not-Call registry, 47 C.F.R. § 64.1200(c)-(d) (Count I).[1] Count II alleges that plaintiff further violated the TCPA by placing calls to cellular telephones using an "automatic telephone dialing system" (ATDS), as that term is defined by the TCPA, 47 U.S.C. § 227(a)(1).[2] Plaintiff seeks an injunction (Count III) and an award of statutory damages.

As alleged in plaintiff's Amended Complaint, defendant Enterprise Financial Group, Inc. ("Enterprise"), a citizen of

---

[1] Any entity making calls for telemarketing purposes must institute procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. 47 C.F.R. § 64.1200(d). An individual whose name is on the Do-Not-Call registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity without their consent has a private right of action under the TCPA. 47 U.S.C. § 227(c)(5).

[2] The TCPA defines an ATDS as equipment which has the capacity to both: (1) store or produce telephone numbers to be called, using

Texas, sells a variety of consumer-related products and services for automobile dealers and manufacturers, including after-market auto warranties directly to consumers and also through third-party call centers.  (Doc. #37, ¶¶ 1, 8.)  Defendant National Repair Protection, LLC ("National Repair"), a citizen of Florida, is one such call center that sells Enterprise's products and services.  (Id. at ¶ 2.)

---

a random or sequential number generator, and (2) dial such numbers. 47 U.S.C. § 227(a)(1).  Plaintiff claims that defendants violated 47 U.S.C. § 227(b)(1)(A)(iii), which provides in pertinent part that

> [i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice —
>      ...
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call....

47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff alleges that defendant Beikmann, a resident of Kansas, is an owner and/or operator of National Repair and in that capacity directed, was aware of, and/or benefited from the unlawful calls made by National Repair and/or its agents on behalf of Enterprise. (Id. at ¶¶ 3, 10.) In this regard, plaintiff alleges that National Repair is an alter ego of Beikmann, and that Beikmann dominated, influenced, and/or controlled National Repair at all relevant times, as well as the business, property, and affairs of National Repair such that National Repair functioned as a mere instrument or tool of Beikmann. (Id. at ¶ 11(a).) Plaintiff also alleges that National Repair was created absent corporate formalities and continued pursuant to a fraudulent plan conceived by Beikmann whereby the income, revenue, and profits of National Repair were diverted by Beikmann to himself, and call centers were formed to avoid individual liability. (Id. at ¶ 11(d).) National Repair is now insolvent.[3] (Id. at ¶ 11(f).)

Plaintiff's Amended Complaint states that the Court has personal jurisdiction over defendants because "they conduct significant business transactions within the District, solicit

---

[3] National Repair failed to file an answer or responsive pleading in this case and a clerk's entry of default has been entered against it. (Doc. #70.)

consumer sales in this District." (Doc. #37, ¶ 13.) As to Beikmann, the Amended Complaint states that he is an "individual residing in Prairie Village, Kansas," but does not contain any allegations concerning Beikmann's citizenship. (Id. at ¶ 10.) However, as the Amended Complaint asserts that the Court has personal jurisdiction over the defendants via the application of Florida's long-arm statute (Id. at ¶ 13), the Court assumes that Beikmann is not a citizen of Florida.

Beikmann moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), arguing that the Court lacks personal jurisdiction over him because he has not committed any acts in Florida which would extend the state's long-arm statute to him, and he does have sufficient contacts, ties or a relationship to this forum so that the Court may exercise judicial power over him. (Doc. #52.) Beikmann also argues that he is protected by the corporate shield doctrine and cannot be hailed into a Florida court for merely conducting business via National Repair, a Florida company, and did not take any actions outside those as a representative of National Repair. (Id. at pp. 9-10.) Plaintiff responds that Beikmann is subject to personal jurisdiction under Florida's long-arm statute on two bases: (1) he was carrying on a business venture with National Repair, a Florida company, which is a mere alter ego

of Beikmann, Fla. Stat. § 48.193(1)(a)(1); and (2) because he committed tortious acts (TCPA violations) in the state, Fla. Stat. § 48.193(1)(a)(2). Accordingly, the Court will address these provisions of the statute.

**II.**

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the Court must conduct a "two-step inquiry when determining whether the exercise of personal jurisdiction over a nonresident defendant is proper." Thomas v. Brown, 504 F. App'x 845, 847 (11th Cir. 2013) (citing Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1166 (11th Cir. 2005)). The Court first determines whether defendant's activities satisfy the Florida long-arm statute, and if so, whether the extension of jurisdiction comports with the due process requirements of the Fourteenth Amendment of the United States Constitution. See Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002). "A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." Fraser v. Smith, 594 F.3d 842, 846 (11th Cir. 2010) (quoting Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008)).

The exercise of personal jurisdiction comports with due process if the non-resident defendant has established "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, (1984) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

The plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). A prima facie case is established if the plaintiff alleges enough facts to withstand a motion for directed verdict.[4] SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997)

---

[4] On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence — not just that evidence which supports the non-mover's case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n.o.v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts

(citation omitted). "First, the plaintiff must allege sufficient facts in [its] complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute." Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000) (citation omitted). If the defendant sustains its burden by raising "a meritorious challenge to personal jurisdiction" "through affidavits, documents[,] or testimony," the burden shifts back to the plaintiff. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996). Plaintiff is then required to "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." Future Tech. Today, Inc., 218 F.3d at 1247 (citation omitted). If in conflict, "the district court must construe all reasonable inferences in favor of the plaintiff." Thomas v. Brown, 504 F. App'x at 847 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).

---

to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. Miles v. Tenn. River Pulp and Paper Co., 862 F.2d 1525, 1528 (11th Cir. 1989) (citing Kaye v. Pawnee Constr. Co., 680 F.2d 1360, 1364 (11th Cir. 1982); Boeing Co. v. Shipman, 411 F.2d 365, 374–75 (5th Cir. 1969)).

For purposes of the motion, plaintiff asserts that the Court has specific jurisdiction over Beikmann under the following portion of the Florida long-arm statute:

> **(1)(a)** A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.

Fla. Stat. §§ 48.193(1)(a)(1),(2).  (Doc. #77, pp. 5-10.)  A limited exception to the long-arm statute, known as the "alter ego theory," provides that "a nonresident shareholder of a corporation doing business in Florida may be subject to long-arm jurisdiction if the alter ego test can be met."  <u>WH Smith, PLC v. Benages & Assocs.</u>, 51 So. 3d 577, 581 (Fla. 3d DCA 2010) (quoting <u>Aldea Communs., Inc. v. Gardner</u>, 725 So. 2d 456, 457 (Fla. 2d DCA 1999)).  "To establish jurisdiction under the alter ego theory, the plaintiff's pleading must set forth sufficient jurisdictional allegations to pierce the corporate veil of the resident corporation."  <u>Id.</u>  "The corporate veil cannot be pierced unless the plaintiff can establish <u>both</u> that the corporation is a 'mere

instrumentality' or alter ego of the defendant, and that the defendant engaged in 'improper conduct' in the formation or use of the corporation." Id. (quoting Bellairs v. Mohrmann, 716 So. 2d 320, 322 (Fla. 2d DCA 1998) (emphasis in original)).

## III.

**A. Fla. Stat. § 48.193(1)(a)(1): Engaging in Business in Florida**

Plaintiff argues that Beikmann is subject to specific jurisdiction under the long-arm statute because he, personally or through National Repair, is "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state." Fla. Stat. § 48.193(1)(a)(1). "In order to establish that a defendant is carrying on [a] business for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005) (quoting Future Tech. Today, Inc., 218 F.3d at 1249); see also Fraser, 594 F.3d at 848. "[E]ngaging in a single act for profit can amount to a business venture," Labbee v. Harrington, 913 So. 2d 679, 683 (Fla. 3d DCA 2005) (citing Wm. E. Strasser Constr. v. Linn, 97 So. 2d 458, 460 (Fla. 1957)), but not every gainful transaction involving a Florida resident amounts to a business venture. See

Walack v. Worldwide Machinery Sales, Inc., 278 F. Supp. 2d 1358, 1366 (M.D. Fla. 2003). Some factors the Court must consider include the "presence and operation of an office in Florida, [ ] the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients." Horizon Aggressive Growth, L.P., 421 F.3d at 1167 (internal citations omitted).

In response, Beikmann submitted an affidavit in which he attests that he has never maintained an office in the State of Florida or a license in the State of Florida. (Doc. #52-1.) Furthermore, he attests that he has a minority interest in National Repair and worked on an "independent contractor" basis for National Repair. (Id.) He also had no access to the bank accounts or accounting records of National Repair, and did not have any authority to make executive decisions on behalf of National Repair. (Id.) During his deposition, he testified that he was not an employee of National Repair, but had a 25% ownership interest in the company and acted as an independent contractor for National Repair from October 2014 until April 2015 when he gave up his ownership stake in the company. (Doc. #77-3, p. 11-12.) During this time, Beikmann would procure lists of telephone numbers for

marketing purposes from certain third-party companies. (Id. at 31-32.) He also attended meetings with National Repair managers to express "directions of the company." (Id. at 28.) National Repair would initiate calls to individuals on the lists from their call centers on behalf of Enterprise. (Id. at 16-17.) Beikmann testified that these call centers were located in Missouri and to his knowledge, National Repair has no call centers or employees in Florida, nor corporate officers.[5] (Id.)

If a defendant submits affidavit evidence challenging jurisdiction that makes specific factual denials based on personal knowledge, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. United Tech. Corp. v. Mazer, 556 F.3d 1260, 1276 (11th Cir. 2009). Plaintiff has not refuted these assertions in Beikmann's affidavit. Thus, plaintiff has not met her burden of establishing Beikmann is within the reach of Florida's long-arm statute because he carries on a business venture within the state. Indeed, there is no evidence before the Court that involve Beikmann's conduct within the state of Florida other than the fact that he was a non-resident independent contractor

---

[5] This is in contrast to plaintiff's Amended Complaint, which alleges for venue purposes that defendants made unsolicited calls to plaintiff and the putative class members from the Middle District of Florida. (Doc. #37, ¶ 14.)

and minority owner of a Florida-resident defendant for approximately six-months' time, which does not show a course of general business activity within the state. Accordingly, the Court finds this provision of the Florida long-arm statute inapplicable.

Plaintiff further attempts to establish this Court's jurisdiction under the alter ego exception to Florida's long-arm statute, but plaintiff has not provided any facts for the Court to find that National Repair is a mere alter ego of Beikmann in order to pierce the corporate veil. Plaintiff has not shown that National Repair was a "mere instrumentality" of Beikmann, nor that Beikmann engaged in "improper conduct" in the formation or use of the company. There is no indication that Beikmann dominated or controlled National Repair. The mere fact that Beikmann was a minority owner in National Repair is insufficient to bring him within the reach of Florida's long-arm statute absent sufficient allegations to pierce the corporate veil. See generally Bellairs v. Mohrmann, 716 So. 2d 320, 322 (Fla. 2d DCA 1998). Furthermore, the Corporate Shield Doctrine provides that a corporate officer is not by virtue of his position subject to personal jurisdiction. The "rationale of the doctrine is the notion that is unfair to force an individual to defend a suit brought against him personally

in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employers." Doe v. Thompson, 620 So. 2d 1004, 1006 (Fla. 1993) (internal citations omitted.)

**B. Fla. Stat. § 48.193(1)(a)(2): Committing a Tortious Act**

Section 48.193(1)(a)(2) provides that a defendant "submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from [the defendant's activities] ... [c]ommitting a tortious act within this state." The only tort alleged by the plaintiff is "direct involvement in and direction of TCPA violations." (Doc. #77, p. 8.) Under Florida law, it is well established that physical presence in Florida is not required to commit a tortious act in Florida. Internet Sols. Corp. v. Marshall, 39 So. 3d 1201, 1207 (Fla. 2010).

While the Court is not entirely convinced that a claim for violation of the TCPA qualifies as a "tort" for purposes of Florida's long-arm statute, and plaintiff cites no case law in support of such a proposition, the Florida Supreme Court has held in a case which was not brought pursuant to the TCPA that "committing a tortious act in Florida under section 48.193(1)(b)[6]

---

[6] Subsection (1)(b) is now subsection (1)(a)(2) (July 1, 2013 amendment).

can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida," as long as the cause of action arises from the communications. Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002). See also Acquadro v. Bergeron, 851 So. 2d 665 (Fla. 2003). Where the tort is based upon a defendant's out-of-state communications into Florida, however, "there must be some 'connexity' that exists between the out-of-state communications and the cause of action such that the cause of action would depend upon proof of either the existence or the content of any of the communications . . . into Florida." Horizon Aggressive Growth, L.P., 421 F.3d at 1168 (citation omitted). See also Williams Elec. Co. v. Honeywell, Inc., 854 F.2d 389, 394 (11th Cir. 1988) ("For personal jurisdiction to attach under the 'tortious activity' provision of the Florida long-arm statute, the plaintiff must demonstrate that the non-resident defendant 'committed a substantial aspect of the alleged tort in Florida.'") (quoting Watts v. Haun, 393 So. 2d 54, 56 (Fla. 2d DCA 1981)).

In the motion and accompanying sworn Affidavit, Beikmann asserts that he did not individually initiate telephone solicitations to any telephone numbers or initiate ATDS calls. (Doc. #52-2, ¶¶ 18-21.) Accordingly, Beikmann argues that there

is no basis to assert personal jurisdiction over him as he did not commit a tort within Florida. In response, plaintiff cites Beikmann's testimony stating that he did not request that individuals who were included on the national Do-Not-Call registry nor Florida residents be excluded from the marketing lists he procured from certain third-party companies, therefore he was a complicit TCPA violator. (Doc. #77-3, p. 36, 39.)

The Court concludes that plaintiff has not met her burden nor provided sufficient evidence to support a finding of personal jurisdiction under Florida's long-arm statute sufficient to withstand a directed verdict. There is no allegation in this case that Biekmann personally placed calls into Florida or engaged in unsolicited telephone conversations with any individuals in Florida as was the case in Wendt, and the Court declines to apply the alter ego exception to Florida's long-arm statute, discussed supra. As a result, the Court need not determine whether exercising personal jurisdiction over Beikmann comports with Due Process.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Todd Beikmann's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction (Doc.

#52) is **GRANTED** and the First Amended Class Action Complaint (Doc. #37) is **DISMISSED without prejudice** for lack of personal jurisdiction as to defendant Todd Beikmann ONLY.

    2.   The Clerk shall withhold judgment until the conclusion of this case, but shall terminate Defendant Todd Beikmann on the docket.

    **DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record