UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANA MEY, individually and
on behalf of all others
similarly situated,

      Plaintiff,

v.                        Case No: 2:15-cv-463-FtM-99MRM

ENTERPRISE FINANCIAL GROUP,
INC., a Texas corporation,
NATIONAL REPAIR PROTECTION,
LLC, a Florida limited
liability company,

      Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on defendant Enterprise Financial Group's Motion to Strike Plaintiff's Class Action Allegations (Doc. #66) filed on October 20, 2016. Plaintiff Diana Mey filed her opposition (Doc. #68) on November 3, 2016. For the reasons stated below, the motion is denied.

**I.**

    Plaintiff Diana Mey first initiated this action by filing a Class Action Complaint against Enterprise Financial Group, Inc. ("Enterprise") and National Repair Protection, LLC ("NRP") for violations of the Telephone Consumer Protection Act (Doc. #1) on August 3, 2015. On August 4, 2015, plaintiff filed a Motion for

Class Certification seeking to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) and seeking an extension of time to move or class certification pursuant to Local Rule 4.04(c)[1] until the parties had the opportunity to engage in class-wide discovery, at which time plaintiff would file an updated Motion for Class Certification for the Court's consideration. (Doc. #3.)  On November 6, 2015, the Court granted the motion and directed plaintiff to file a renewed Motion for Class Certification within thirty days of the last-filed Answer.  (Doc. #23, ¶ 2.)  At that time, only defendant Enterprise had filed an Answer.  (Docs. ##21, 22.)

After the entry of the Court's November 6, 2015 Order, plaintiff filed an Amended Class Action Complaint on August 3, 2016, adding Todd Beikmann as a defendant.  (Doc. #37.)  Because defendant NRP failed to respond to the Complaint, a clerk's default was entered against NRP on November 8, 2016.  (Doc. #70.)  Rather than file an Answer, on September 12, 2016, defendant Beikmann moved to dismiss the Amended Complaint for lack of personal jurisdiction.  (Doc. #52.)

---

[1] Local Rule 4.04(c) provides: "In ruling upon a motion [for class certification] the Court may allow the class action, may disallow and strike the class action allegations, or may order postponement of the determination pending additional discovery or such other preliminary procedures as may appear appropriate in the circumstances."

## II.

Defendant Enterprise moves to strike plaintiff's class allegations because plaintiff failed to diligently pursue class certification. Enterprise argues that because plaintiff has failed to file a renewed Motion for Class Certification for over one year after the Court entered its Order, the Court should employ its inherent powers and its discretion under Federal Rule of Civil Procedure 16(f) and strike Plaintiff's class action allegations. Enterprise also points to the fact that plaintiff made no effort to prosecute her claims against NRP and move for default until well into the proceedings, evidencing plaintiff's lack of diligence.

In response, plaintiff states that immediately following the Court's Order she engaged in months-long discovery with both Enterprise and various non-parties, in an effort to obtain information relevant to her certification efforts, which ultimately culminated in plaintiff adding Beikmann has a party-defendant. Plaintiff submits a Declaration from her counsel attesting to the discovery efforts that have taken place which were often hindered by third-parties' non-responsiveness. (Doc. #68-1.) Plaintiff believes that the triggering event for the 30-day time period has yet to occur as not all defendants have filed

an Answer and therefore plaintiff's time to file her renewed motion has not yet expired.

Local Rule 4.04(b) requires that motions for class certification be filed within ninety days following the filing of the complaint "unless the time is extended by the Court for cause shown." "The Eleventh Circuit has expressly recognized the authority of the district courts to apply local rules prescribing a deadline for the filing of a motion for class certification, or to sanction plaintiffs for noncompliance." Seyboth v. Gen. Motors Corp., No. 8:07-cv-2292-T-27TBM, 2008 WL 1994912, at *2 (M.D. Fla. 2008) (citing Martinez-Mendoza v. Champion Int'l Corp., 340 F.3d 1200, 1216 n.38 (11th Cir. 2003)).

The Court agrees that the deadline to file a renewed Motion for Class Certification has not yet passed and there is otherwise no schedule entered as of this date. Therefore, the motion to strike will be denied. However, the Court also finds that this case should proceed so that the Court may consider class certification. The issue of scheduling was previously referred to the Magistrate Judge (Doc. #45), and the Court understands that the parties have been directed to submit an Amended Joint Case Management Report to include deadlines for class certification briefing (Doc. #82).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant Enterprise Financial Group's Motion to Strike Plaintiff's Class Action Allegations (Doc. #66) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Mac R. McCoy
Counsel of Record